FILED

UNITED STATES DISTRICT COURT

MAY 1 4 2013

DISTRICT OF SOUTH DAKOTA

CLERK

SOUTHERN DIVISION

| | | |
|---|---|---|
| DERRICK EUGENE CAROTHERS, | ) | Civ. 13-4026-LLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING LEAVE TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| DOUGLAS WEBER, Warden, Executive | ) | AND DISMISSING COMPLAINT |
| Officer, South Dakota State Penitentiary, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Derrick E. Carothers is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Carothers has filed a pro se action alleging slander, libel, assault, and negligence, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1–3.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

Significantly, the PLRA prohibits a prisoner from requesting in forma pauperis status in an action or appeal

> if the prisoner has, *on 3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added). Carothers has, on three or more prior occasions, brought an action in federal court that was dismissed pursuant to the screening procedures of § 1915. *See Carothers v. SD State Prison*, Civ. 94-4071; *Carothers v. Class, et al.*, Civ. 95-4011; *Carothers v. Vrooman*, Civ. 95-4243; *Carothers v. Prison Admin.*, Civ. 96-4118; *Carothers v. Class, et al.*, Civ. 96-4119; *Carothers v. Class, et al.*, Civ. 96-4120; *Carothers v. Class, et al.*, Civ. 96-4121; *Carothers v. Strohman*, Civ. 96-4123; *Carothers v. Lee, et al.*, Civ. 96-4124; *Carothers v. Class, et al.*, Civ. 96-4125; *Carothers v. Miller*, Civ. 96-4126.[1] Moreover, Carothers has not established that he is under imminent danger of serious physical injury. Accordingly, the court denies Carothers' request to proceed in forma pauperis. Docket 3. Carothers must pay the requisite $400 filing fee.

But the inquiry does not end there. The PLRA requires the court to screen Carothers' complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when

---

[1] Although the majority of Carothers' complaints were filed and dismissed prior to the enactment of the Prison Litigation Reform Act, the Eighth Circuit accounts for pre-PLRA dismissals in determining a plaintiff's total number of strikes. *See, e.g., In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997); *Ayers v. Norris*, 43 F.Supp.2d 1039, 1044 n. 4 (E.D. Ark. 1999), *overruled on other grounds by Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001).

it is "based on an indisputably meritless legal theory" or where the factual contentions "are

clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when

"it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). In reviewing a

complaint under this standard, "[t]he court must presume that the factual allegations in the

complaint are true and accord all reasonable inferences from those facts to the [pleader]."

*Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792

F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards

than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting

*Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667,

671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally").

Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the

Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Moreover, although a pro se complaint need not contain detailed factual allegations, it must

"allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th

Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal

theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188,

1197 (10th Cir. 1989)). Finally, a pro se complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint does not contain these bare

essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

### DISCUSSION

Liberally construed, Carothers' original complaint alleges that Defendant is illegally

detaining Carothers in violation of the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth

Amendments. Docket 1 at 3–4. More specifically, Carothers alleges that Defendant did not have

a court-issued warrant to seize and detain Plaintiff, and thus could not legally detain Carothers.

*Id.* at 3. Further, Carothers alleges that "[n]o staff member, of State Penitentiary, has recieved

[sic] authority to detain any party(ies); post Indictment(s), pretrial hearings, in court, by non-

hearsay; of Warrant basis; for Warden Weber's nor prison staff's authority; over Plaintiff(s) et

al.; Hearsay detainment is unauthorized and illegal." *Id.* To remedy the alleged violation,

Carothers requests that the court issue either a temporary restraining order or a preliminary

injunction "against further warrantless infringment [sic] of liberty." *Id.* In supplemental filings,

Carothers attempts to clarify the contents of his original complaint by insisting that his case be

filed as an action for slander, assault, libel, and negligence. Docket 2; Docket 9. Carothers also

provides the court with two forensic lab reports and the transcript from a motions hearing held on

March 25, 2004. Docket 9.

Regardless whether the court construes Carothers claims as arising under the theory of

slander, assault, libel, negligence, or illegal detainment, the court finds that Carothers has not

provided the court with facts to support the claims advanced. To the contrary, Carothers

complaint contains nothing more than labels and conclusions. Standing alone, Carothers'

complaint alleges insufficient facts to state a claim for relief, and the information provided to the

court in Carothers' supplemental filings does not shed any additional light on Carothers' accusations. The court therefore finds that Carothers has failed to state a claim on which relief may be granted, and his complaint does not survive initial review under 28 U.S.C. § 1915. Accordingly, it is

ORDERED that Carothers' motion for leave to proceed in forma pauperis (Docket 3) is denied. Carothers must pay the $400 filing fee to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that Carothers' complaint (Docket 1) is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915. Carothers is notified that he may not file any additional civil cases in forma pauperis unless he is "under imminent danger of serious physical injury" as set forth at 28 U.S.C. § 1915(g). Carothers may still file civil cases if the complaint is accompanied by the $400 filing fee applicable to civil actions.

IT IS FURTHER ORDERED that Carothers' motion to appoint counsel (Docket 5) is denied as moot.

Dated this 14ᵗʰ day of May, 2013.

BY THE COURT:

LAWRENCE L. PIERSOL
UNITED STATES DISTRICT JUDGE


ATTEST:
JOSEPH HAAS, CLERK
BY:_____
DEPUTY

5